UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MY THI NHU TRAN, ET AL.**                                 **CIVIL ACTION**

**VERSUS**                                                                                           **NUMBER: 24-2777**

**JEFFERSON PARISH SCHOOL BOARD, ET AL.**            **SECTION: "P"(5)**

<u>**ORDER AND REASONS**</u>

Before the Court is the Motion for Leave to File Third Superseding Amended and Supplemental Complaint (rec. doc. 29) filed by Plaintiffs. Defendants Children's Hospital New Orleans and Louisiana Children's Medical Center d/b/a LCMC Health ("LCMC") and the Jefferson Parish School Board ("JPSB") (collectively, "Defendants") oppose the motion. (Rec. docs. 38, 39). Plaintiffs have replied to the two oppositions. (Rec. docs. 40, 42).[1] Having reviewed the pleadings and the case law, the Court rules as follows.

**I.**      **Background**

The numerous Complaints allege as follows. This lawsuit arises under 42 U.S.C. §§ 1983, 1985(3), and 2000d for federal civil rights violations and state-law claims for false arrest and imprisonment and intentional and negligent infliction of emotional distress following an incident on December 1, 2023 at C.T. Janet Elementary School ("the School"). On that date, the minor Plaintiff, T.V., allegedly uttered alarming and threatening statements that were overheard by a JPSB employee, who reported the statements to the principal of the School, Jennifer Miles. T.V.'s statements included references to a "hit list" and burning down the school.

---

[1] Plaintiffs also filed a third reply to an opposition from Defendant Joseph P. Lopinto, III. (Rec. doc. 41). However, Lopinto's pleading opposed Plaintiffs' second attempt to amend their Complaint – a motion that was ultimately withdrawn. (Rec. docs. 18, 34).

After learning of these threatening statements, principal Miles asked the School's Mental Health Professional, Dr. Jamal Boudion, and its counselor, Tanya Drachenberg, to help her to complete a Threat of Violence Assessment. Such an assessment involves interviewing/counseling session(s) with the Mental Health Professional, the school's principal, and the individual who made the threat in order to hear from and take statements from all parties involved for the purpose of determining whether the individual who made the threats has the intent and/or ability to act upon such threat(s). Here, after three interview/counseling sessions, Boudion, Miles, and Drachenberg determined that T.V.'s threats were transient.

However, as a result of the statements made by T.V. in these interview/counseling sessions, Boudion, Miles, and Drachenberg expressed serious concerns for T.V.'s emotional and physical well-being. In the interview/counseling sessions, T.V. expressed that she had experienced auditory and visual hallucinations, the desire to self-harm in dreams, and had thoughts about burning down the school. As a result of these serious statements and out of concern for T.V.'s well-being, Boudion contacted a 911 dispatcher, which dispatched EMS and law enforcement to the school. At no point in time did Boudion or any other employee of the JPSB order either the JPSO or the Hospital to transport T.V. from the school. Thereafter, T.V. was transported by EMS to the Hospital for further evaluation.

Plaintiffs filed their original Complaint on November 28, 2024. (Rec. doc. 1). On January 7, 2025, Plaintiffs filed their First Amended Complaint, which is near identical to the Plaintiffs' original Complaint. (Rec. doc. 7). Plaintiffs then filed a Motion for Leave to File Second Superseding Amended and Supplemental Complaint on January 28, 2025. (Rec. doc. 18.). The proposed Second Superseding, Amended, and Supplemental Complaint

2

expanded on both Plaintiffs' original Complaint and First Amended Complaint, and increased the page count from 17 pages to 55 pages and included numerous new claims and a claim for declaratory relief. (Rec. docs. 1, 7, 18-4).

On February 6, 2025, Plaintiffs filed a Motion for Leave to Withdraw their Motion for Leave to File Second Superseding, Amended and Supplemental Complaint, which was granted by this Court on February 10, 2025. (Rec. docs. 31, 34). Both LCMC and the JPSB filed Motions to Dismiss under Federal Rules of Civil Procedure Rule 12(b)(6) for Failure to State a Claim in response to Plaintiffs' Complaints. (Rec. doc. 12, 35).

Plaintiffs now seek to amend their Original Complaint for a third time. The proposed pleading includes new claims for fraud, negligence and negligent misrepresentation, vicarious liability/respondeat superior, negligent hiring and supervision, invasion of privacy, and defamation along with a prayer for injunctive and declaratory relief. (Rec. doc. 29-4). The Complaint has expanded from a 55-page document to 68 pages and includes two newly-named Defendants, Dr. Fernandez and Dr. Maraynes. (*Id.*). In short, Plaintiffs' proposed Third Superseding, Amended and Supplemental Complaint includes 13 claims for relief and a prayer for injunctive and declaratory relief. (*Id.*).

## II.   Legal Standard

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[a] party may amend its pleading once as a matter of course" within 21 days of service or 21 days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1)(A), (B). In all other cases, a party may amend its pleading with the opposing party's written

3

consent or leave of court, which leave should be freely granted when justice so requires. *Id.* 15(a)(2).

As Plaintiff requested this amendment outside of the 21 days to plead as a matter of course and does not have consent, this motion for leave to amend is governed by Rule 15(a)(2). Under Rule 15(a)(2), the "court should freely give leave [to amend] when justice so requires." *Id.* A court must balance the difficult task of assuring a party a fair opportunity to present its claims and defenses while at the same time protecting the district court from being imposed upon by the presentation of theories seriatim. *Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981) (citation omitted). Denial of leave to amend is reviewed for abuse of discretion. *Carroll v. Fort James*, 470 F.3d 1171, 1173-74 (5th Cir. 2006) (citation omitted). Absent a "substantial reason," the court's discretion "'is not broad enough to permit denial'" of a request for leave to amend. *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004) (quoting *Martin's Herend Imps., Inc. v. Diamond & Gem Trading United States of Am. Co.*, 195 F.3d 765, 770 (5th Cir. 1999)).

Leave to amend is not, however, automatic. *Avatar Expl., Inc. v. Chevron USA, Inc.*, 933 F.2d 314, 320 (5th Cir. 1991) (citation omitted). While Rule 15 favors granting leave to amend, denial of leave is justified in certain circumstances, such as when a movant unduly delays or acts with bad faith or dilatory motive. *Id.* (citation omitted). The five factors considered in determining whether leave to amend is appropriate or whether there is substantial reason to deny the request are: (1) undue delay, (2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by previous amendments, (4) undue prejudice to the opposing party, and (5) futility of the amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Flannigan v. Universal Steel Am., Inc.*, No. CV 22-3080, 2023 WL 11918265,

4

at *4 (E.D. La. June 29, 2023), *report and recommendation adopted*, No. CV 22-3080, 2024 WL 4041322 (E.D. La. Sept. 4, 2024); *SMH Enters., L.L.C. v. Krispy Krunchy Foods, L.L.C.*, 340 F.R.D. 554, 559-60 (E.D. La. 2022).

### III.     Analysis

Plaintiffs seek to amend their Complaint for the following reasons: (1) to clarify and supplement certain factual allegations; (2) to join additional necessary parties; (3) to address new facts arising after the filing of the original complaint; (4) to respond to the defendants' filings and ensure a complete record for adjudication; and (5) to make editorial changes to correct and improve the pleading.  For their part, Defendants ask the Court to deny Plaintiffs' motion to amend because Plaintiffs have been dilatory (undue delay), have filed the claims in bad faith, will impose undue prejudice on Defendants, and Plaintiffs' claims are futile.

#### A.     **Undue Delay/Dilatory**

Rule 15(a)(2) does not itself impose a time limit on seeking leave to amend.  *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (stating that Rule 15(a) does not impose a time limit "'for permissive amendment'") (citation omitted); *see also Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017) (citation omitted) ("Lacking a time limit or an outer bound on when amendment is permissible, [Rule 15(a)(2)] instructs courts to freely give leave to amend when justice so requires.").  However, a litigant's failure to assert a claim as soon as he could have done so is a proper factor to consider in deciding whether to grant leave to amend.  *Carson v. Polley*, 689 F.2d 562, 584 (5th Cir. 1982) (finding late assertion of claim acceptable when all other factors pointed in favor of movant, no pretrial order or pretrial conference had been held, and no evidence of bad faith).  At some point, a plaintiff's delay

can be procedurally fatal. *Smith*, 393 F.3d at 595 (citing *Whitaker v. City of Houston*, 963 F.2d 831, 836 (5th Cir. 1992)). In that situation, a plaintiff must meet the burden of showing that the delay "was due to oversight, inadvertence, or excusable neglect." *Id.* (citation omitted); *see also Parish v. Frazier*, 195 F.3d 761, 763 (5th Cir. 1999) (citations omitted). Further, "delay alone is an insufficient basis for denial of leave to amend: The delay must be undue, *i.e.*, it must prejudice the nonmoving party or impose unwarranted burdens on the court." *Mayeaux*, 376 F.3d 420, 427 (5th Cir. 2004) (citations omitted).

The Court finds no undue delay here. Plaintiffs filed this motion for leave to amend early in the proceeding, and the Court has not issued a scheduling order. There are no pending deadlines. There is no basis for finding undue delay.

### B.    Bad Faith

The Fifth Circuit has defined bad faith generally as

> implying or involving actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties but by some interested or sinister motive. The term bad faith means more than mere bad judgment or negligence, it implies the conscious doing of a wrong for dishonest or morally questionable motives.

*Industrias Magromer Cueros y Pieles S.A. v. La. Bayou Furs Inc.*, 293 F.3d 912, 922 (5th Cir. 2002) (citation omitted) (interpreting Louisiana law).

On this record, this Court cannot find that Plaintiffs consciously committed a wrong for dishonest or morally questionable motives. While Plaintiffs may have possessed T.V.s medical records – *i.e.*, and knew the names of the medical providers that they now seek to add – this Court cannot state without a doubt that all legal routes were fully considered when Plaintiffs filed their initial Complaint. Plaintiffs filed their original Complaint near the one-year deadline of the alleged violations here, and it is common for a party to formulate

legal theories after filing their initial complaint in an attempt to avoid any prescriptive pitfall. The Court thus has no evidence before it that the request for leave to amend is in bad faith, involves fraud, or is designed to mislead or deceive.

### C.     Prejudice

The Fifth Circuit and other courts have found prejudice when the amendment is asserted after the close of discovery; after dispositive motions have been filed, briefed, or decided; or on the eve of or in the middle of trial. *See Smith*, 393 F.3d at 594-96 (affirming denial of leave to amend based on undue delay and prejudice when amendment would add a new claim in the middle of trial after discovery had closed); *Campbell v. Emory Clinic*, 166 F.3d 1157, 1162 (11th Cir. 1999) (citation omitted) ("Prejudice and undue delay are inherent in an amendment asserted after the close of discovery and after dispositive motions have been filed, briefed, and decided."); *Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998) (affirming denial of leave to amend when the plaintiff filed the motion "on the eve of the discovery deadline"); *see also Ruby Slipper Cafe, L.L.C. v. Belou*, No. 18-01548, 2018 WL 11179117, at *2 (E.D. La. July 3, 2018) (looking to whether the filing is within the court-imposed deadlines or would require the re-opening of discovery to assess undue delay and prejudice). A defendant is prejudiced if an amendment would require that the defendant "reopen discovery and prepare a defense for a claim different from the [one] . . . that was before the court." *Smith*, 393 F.3d at 596 (quoting *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)). Likewise, amendments that fundamentally alter the nature of the case are considered prejudicial. *In re Am. Int'l Refinery, Inc.*, 676 F.3d 455, 467 & n.12 (5th Cir. 2012) (finding leave properly denied when proposed amendment was based on documents known to plaintiff for over a year and

7

added new causes of action that would have "dramatically altered the subject matter of the suit at a late juncture. . . requir[ing] expansive [additional] discovery and litigation"); *Mayeaux*, 376 F.3d at 427-28 (finding that complaint would be "fundamentally altered" when proposed amendment would destroy jurisdiction and "effectively reconstruct the case anew.").

Defendants argue that they have filed Rule 12 motions to dismiss and are purportedly prejudiced by having to re-file another Rule 12 motion in response to the amended complaint. But the mere inconvenience of being required to file a second motion to dismiss cannot be the type of "undue prejudice" necessary to foreclose amendment under Rule 15. *Tesla, Inc. v. La. Auto. Dealers Ass'n*, No. CV 22-2982, 2023 WL 9059650, at *6 (E.D. La. Jan. 11, 2023).

Defendants also contend that they will suffer undue prejudice by being forced to incur additional costs for filing a second motion to dismiss after having fully briefed the initial motion. Such additional costs, while unfortunate, do not constitute undue prejudice. *See Louisiana v. Bank of Am. Corp.*, No. 19-638, 2020 WL 3966875, at *3 (M.D. La. July 13, 2020) (rejecting argument that costs and expense of filing "yet another motion to dismiss" constituted undue prejudice); *Molina v. Caliber Home Loans, Inc.*, No: 3:15-CV-00757, 2016 WL 3660621, at *5 (N.D. Tex. Mar. 15, 2016) ("As to being unduly prejudiced because of time and money already expended in filing two motions to dismiss, while the Court desires and supports litigation economy, it also recognizes that justice may require some repetition of effort and notes the probability that much of the work already done likely can be resubmitted with minimal additional expense and effort."). There is simply no undue prejudice to Defendants here.

### D. Futility

Consideration of the futility factor requires the Court to assess whether the amended complaint would survive a Rule 12(b)(6) motion (*i.e.*, whether it states a plausible claim for relief). *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (citing *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000)). The Supreme Court clarified the Rule 12(b)(6) standard of review in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To avoid dismissal, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face (*i.e.*, the factual allegations must "be enough to raise a right to relief above the speculative level"). *Twombly*, 550 U.S. at 555. It is not enough to allege facts consistent with a claim because the allegations must move past possibility and to plausibility of "entitlement to relief." *Id.* at 557-58; *Iqbal*, 556 U.S. at 678. If the "facts" alleged are "merely consistent" with those minimally required to establish liability, the complaint "stops short of the line between possibility and plausibility." *Iqbal*, 556 U.S. at 678 (citation omitted).

> Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "shown" – "that the pleader is entitled to relief."

*Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (internal citation omitted); *see also Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (citation omitted) (stating that when the facts do not allow the court to infer more than a mere possibility of misconduct, the complaint does not show that the pleader is entitled to relief). Although the Court must accept all well-pleaded facts as true and consider the complaint in the light most favorable to the plaintiff, the

Court should not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (citation omitted); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (citations omitted); *see also Twombly*, 550 U.S. at 555 (The "obligation to provide the grounds of [ ] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (citations and internal quotation marks omitted).

While Plaintiffs add new causes of action and two new Defendants to this lawsuit, in order to address the futility objection, this Court would have to address some of the very issues raised in the motions to dismiss pending before Judge Papillion. For example, LCMC argues that Plaintiff's claims in their amended Complaint are futile because they arise under the Louisiana Medical Malpractice Act ("LMMA") and are thus premature. But LCMC asserts the same argument in its motion to dismiss Plaintiff's Complaint. This Court lacks authority to address substantive issues that have not been referred, however, and those issues are best addressed in the context of resolving the pending substantive motions to dismiss and/or any subsequently-filed motions addressing substantive issues. *See City of Baton Rouge/E. Baton Rouge Par. v. Bank of Am., N.A.*, N 19-725, 2020 WL 13033205, at *3 (M.D. La. Apr. 20, 2020).

## IV.   Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Motion for Leave to File Third Superseding Amended and Supplemental Complaint (rec. doc. 29) is **GRANTED**. The Court warns Plaintiffs, however, that it will view any further attempt to amend for a fourth time with great skepticism.

New Orleans, Louisiana, this  25th  day of       March       , 2025.

                                          **MICHAEL B. NORTH**
                               **UNITED STATES MAGISTRATE JUDGE**